The opinion of the court was delivered.by
Dumoan, J.
The points in both cases are the same, and have been' so considered in the argument. I am decidedly of opinion, that the only questions which can be considered by this court, on these writs of error,- and on the specific errors assigned are, whether the writs of levari facias on which the sales were made, were warranted by existing laws, and whether this was in fact a command to sell, or that omission can be taken advantage of in error, and if it can, whether the writ can be amended by this court. The material question depends on the construction and operation of the two acts of assembly, one of the 28th March, 1820, 7 Bioren’s St. L. 335., and the act of 27 March, 1821, page 423. The first directs, “on execution, appraisement of land shall be had, and if jt will not sell for two-thirds of its appraised value, sheriff shall so return, and further proceedings be staid for- one year.” The act to continue in force one year and no longer. The second continues *283 the first four sections of the act of 1820, for one year, provided, “that In every case, where real or personal estate has been, or hereafter shall be, taken in execution or appraised, before or áfter the passing the act, the defendant shall not have the benefit of the same, unless he shall, on or before the first day of August next, and every six months thereafter, pay- to the plaintiff or plaintiffs, his or their agent or attorney the amount of interest, due on such judgment or judgments,” and the argument is, that inasmuch as there had been an attempt to sell-, and a return of unsold for want of buyers, while the act of 1820 was in full force, and as that act declared, that when the property could not be sold for two-thirds of its appraised value, the proceeding shall be staid for one year from and after the return of the writ, that the act of 1820, as to such cases, was necessarily extended to one year after the return of the writ. That the right to a stay of sale was a vested right, nót affected by the expiration of the law, and that the, legislature could not add the qualification of payment half yearly, to an indulgence which had been previously granted without any condition. This indulgence cannot be considered asa vested right, which neither repeal nor expiration of the law could affect For certainly, if the legislature could constitutionally grant the indulgencé to the debtor, and suspend the creditor’s right of recovery, they could restore it by á Subsequent law, and take off the suspension. It was a favour granted to the debtor, at the expense of the creditor ; a favour which if the legislature could confer, they could withdraw. The act of 1820, standing alone, without any continuance or prolongation by the act of 1821, expired by its express limitation in one year after Its passage, and would have left the law and the courts of justice open to the creditor, as much as if it had never passed. It placed the creditor and debtor in statu quo.
If a temporary statute expires, all that has been done under it ceases with it; unless a perfect and complete right is acquired or title vested under it. An offénce against a temporary statute cannot be punished after the expiration of the act, unless particular ■provision is made for that purpose. 7 Wheat. 551; nor any seizure made after its expiration, though the act giving the right had occurred before. 6 Crunch. 208. Nor can a sentence of condemnation be affirmed if the law has expired, although sentence of condemnation and money paid over before the expiration- of the law, So where privileges attached by' proceedings actually commenced, and the law is afterwards, repealed, as under insolvent debtor’s act, after the prisoner complied with every regulation, and proceedings continued without his consent to a day subsequent to the repeal of the act, he cannot be discharged, although he had actually assigned his property. Miller’s Case, 1 W. Bl. 451. 3 Burr. 1456.
There is no difference, in this respect, between a statute expiring by its own limitation, or repealed. The act of 1821, was a substitute for the act of 1820. The first act was probationary, or experi *284 mental, to see bow the indulgence would work for one year. The latter act. revising the whole subject matter of the former, and indirectly intended as a substitute for the former one, though the former one had been not temporary, must, in presumption of law, as well as reason and common sense, operate to repeal - the former. Bartlett v. King, 12 Mass. 545. Another act passed the 2d April, 1822. 7 Bioren’s St. L. 5"68, continues in form the act of 1821, for the appraisement of estates taken in execution, until the 1st November, 1S22, thus giving the sense of the legislature, that this act was the only one in force. On the expiration, the legislature thought it Would be unjust to deprive the creditor of his legal remedies, for the Recovery of his debt, unless the debtor paid him at least the interest, and it never could be the intention of the legislature, to postpone the vigilant creditor, merely because he had made an unsuccessful attempt to sell for two-thirds the amount of appraised value.
As to the exception, that no further execution could issue, the sheriff having returned a sale; the' sheriff did return an attempt to sell, knocking down of the premises, but this had been ineffectual, because he could not make a title therefor, and he, therefore, returned it unsold for Want of buyers. This might he a safe return by the sheriff'in point of fact, for it Was not a fair sale, if it was represented that the title was good, and unknown to every one there was a latent defect of title; as if debtor had conveyed before mortgage or judgment, then it would be a just return. But he did return it unsold for want of buyers. ■ He might be liable for his false return, but still the plaintiff could issue a new execution, leaving all who might suppose thpy were aggrieved by this return, to their action against the sheriff. The sheriff not having received the money on an- effectual sale, there could be nothing to prevent plaintiff from going on to complete his execution. If the sheriff had returned that he had sold, but could not make a title, this might have been a sufficient return, but returning it unsold, this enabled the plaintiff to take out a new writ. See 1 Peters, 245. If the money was not paid, he must return it unsold for want of buyers. This return certainly showed the exigency of the writ had not been complied with. The plaintiff had not the fruit and end of his execution, and was entitled to a new one. If the purchaser did not comply with the terms of the sale, it was the same thing as if it had not been struck off, the remedies of all parties against the bidder not complying being open to them. The omission in the writ, directing the sheriff to levy the debt, is a mere clerical mistake, which thepra?-cipe would cure. The writ commands him to have the money, but does not, as it ought, command it to be levied off the mortgaged premises. The clerk should alter the present form of execution, by the form used in the Supreme Court.
Erroneous teste offieri facias, the execution is amendable. Baker v. Smith, 4 Yeates, 185. Berthon v. Keely, 4 Yeates, 205. So teste *285 and return of venditioni exponas. Shoemaker v. Knorr, 1 Dall. 197, and the amendments have been made iti the court of errors, as in Black v. Wistar, 4 Dall. 267, where judgment and fieri fa-cias differed, this was a mistake of the clerk, not of the party, and may be amended after error brought by the psercipe. And the court will issue a certiorari to bring up the prsecipe to amend by. In Prevost v. Nichols, 4 Yeates, 483, the power of the court above to amend was asserted and exercised. In matters arising from the mere carelesness of the clerk in process, it is to be observed, that those things which are amendable before the writ of error brought,. are amendable after the writ of error brought, and if the Inferior Court doth not amend them, the Supreme <. ourt may amend them; and this has been allowed in times when courts were not so liberal in granting amendments as at the present day. Blackmore’s Case, 8 Co. 162. a. But the defendantin error must pay the costs of amendment, Gild. H. C.P. 167, 182, and executions.
Judgment affirmed.